IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAROMIR KOVARIK and DARIA KOVARIKOVA, | : Civ. No. 1:24-CV-02022<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | : (Chief Magistrate Judge Bloom)<br>: |
| UNITED STATES OF AMERICA, et al., | :<br>:<br>: |
| Defendants. | : |

MEMORANDUM OPINION

## I.  Introduction

This case comes before us on consideration of a motion to dismiss filed by the defendants, the United States of America and the Commissioner of the Internal Revenue Service ("IRS").  (Doc. 14).  The plaintiffs, Jaromir Kovarik and Daria Kovarikova ("The Kovariks"), seek to recover an alleged tax overpayment under 26 U.S.C. § 7422 and 28 U.S.C. § 1346(a)(1), claiming that the Internal Revenue Service ("IRS") failed to properly handle their claim and wrongfully denied their claim for a refund.  (*See* Doc. 11).  In the alternative, the Kovariks seek declaratory and injunctive relief under the Administrative Procedure Act ("APA") or 5 U.S.C. § 706.  (*Id.*).  The Kovariks have also asked this court

to apply equitable tolling to the statute of limitations under 26 U.S.C. § 6511. The complaint alleges that the Kovariks are entitled to a credit of their appropriate refund with statutory interest due to the IRS's wrongful conduct in handling their overpayment and subsequent refund claim. (*Id.* ¶ 103).

The defendants have moved to dismiss Count I of the complaint for lack of subject matter jurisdiction. (Doc. 14). The defendants also move to dismiss Counts II and III for failure to state a claim upon which relief can be granted. (*Id.*) Specifically, the defendants allege that the Kovariks failed to comport with Internal Revenue Code ("IRC") deadlines when they filed their refund claim, that the relevant IRC deadlines are not subject to equitable tolling, and that the plaintiffs are not entitled to APA review since they have an alternative remedy available. (*See* Doc. 15). After careful consideration, we will grant the defendants' motion in full.

## II. Background

The plaintiffs, a retired married couple, allege that in 2018, they retained an accountant, Roger N. Rosenberger, who obtained an extension to file their joint 2018 return on October 15, 2019. (Doc. 11 ¶

8, 13).  The Kovariks claim they overpaid their 2018 taxes by $7,069 and requested the excess be credited to their 2019 federal tax liability.  (*Id.* ¶ 16, 17).  The Kovariks have been unable to produce a copy of the electronic postmark of their filing which would establish receipt of this return by the IRS.  (*See Id.* ¶ 29).  The IRS claims it did not receive a tax return from the plaintiffs in 2019, and that internal IRS records show the Kovariks' 2018 tax return was filed on February 21, 2023.  (Docs. 15 ¶ 4, 15-1 at 3).

The Kovariks allege that in 2020, they began regularly calling the IRS to inquire about their 2018 tax return and refund.  (Doc. 11 ¶ 30).  The plaintiffs claim the IRS was largely unresponsive to their calls and gave inconsistent information about their return.  (*Id.* ¶ 30-33).  This periodic communication with the IRS continued until February 2023 when the Kovariks refiled their 2018 tax return using copies of the relevant documents.  (*Id.* ¶ 52).  In October of 2023, the IRS sent a letter to the plaintiffs denying their 2018 tax overpayment claim.  (*Id.* ¶ 59).  The Kovariks appealed that denial with the IRS Independent Office of Appeals, which also denied their refund in December of 2023.  (*Id.* at 7-8).

After the IRS denied the plaintiffs' refund request and appeal, the Kovariks commenced this action. (Doc. 11). The motion is now fully briefed and ripe for resolution. (Docs. 15, 16, 17). We find that Count I of the complaint fails to comport with the jurisdictional time limitations under 26 U.S.C. § 6511, Count II fails to state a claim since the time limitations under Section 6511 are not subject to equitable tolling, and Count III also fails to state a claim, because the plaintiffs had an adequate remedy at law for their claim. Therefore, we will grant the defendants' motion to dismiss.

III.   <u>Discussion</u>

A. <u>Motion to Dismiss Under Rule 12(b)(1) – Standard of Review</u>

The defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Rule 12(b)(1) instructs a court to dismiss the matter if it lacks subject matter jurisdiction over the complaint. Fed. R. Civ. P. 12(b)(1). Dismissal is required only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *Gould Elec. Inc. v. United States*, 220 F.3d 169, 178 (3d

Cir. 2000) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)) (quotations omitted).

Motions under Rule 12(b)(1) can be facial or factual challenges. *Gould*, 220 F.3d 176. A facial challenge does not contest the complaint's alleged facts, but disputes that the facts establish jurisdiction and requires a court to "consider the allegations of the complaint as true." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (internal quotation marks omitted). A factual challenge attacks allegations in the complaint that purport to establish jurisdiction, and in this posture, a defendant may present competing facts. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A court considering a factual challenge may also "weigh and consider evidence outside the pleadings." Id. at 358 (internal quotation marks omitted). In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *Gould*, 220 F.3d at 178.

The procedural posture of a Rule 12(b)(1) motion may be dispositive of its status as to facial or factual challenge. Where the motion comes before the defendant has answered the complaint, or "otherwise present[ed] competing facts," it must be considered facial. *Constitution*

*Party of Pa.*, 757 F.3d at 358 (citing *Mortensen v. First Federal Sav. and Loan Ass'n.*, 549 F.2d 884, 892 n. 17 (3d Cir. 1977)); *Askew v. Church of the Lord Jesus Christ*, 684 F.3d 413, 417 (3d Cir. 2012).

" 'In sum, a facial attack 'contests the sufficiency of the pleadings,' [ ] 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.' " *Constitution Party of Pa.*, 757 F.3d at 358 (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012); *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).

## B. <u>Motion to Dismiss Under Rule 12(b)(6) – Standard of Review</u>

The defendants have also moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the

complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires

the reviewing court to draw on its judicial experience and
common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on
the complaint and its attached exhibits, as well as matters of public
record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court
can also consider "undisputedly authentic document[s] that a defendant
attached as an exhibit to a motion to dismiss if the plaintiff's claims are
based on the [attached] documents." *Pension Benefit Guar. Corp. v.
White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally,
if the complaint relies on the contents of a document not physically
attached to the complaint but whose authenticity is not in dispute, the
court may consider such document in its determination. *See Pryor v.
Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).
However, the court may not rely on any other part of the record when
deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

## C. The Motion to Dismiss Will Be Granted.

The IRC imposes two jurisdictional time limitations for taxpayers
filing suit for a tax credit or refund under 26 U.S.C. § 7422. 26 U.S.C.
§ 6511; *see Libitzky v. United States*, 110 F.4th 1166, 1171 (9th Cir.

2024).  First, a taxpayer must file their claim within three years from the date their return was filed or two years from the date the tax was paid, whichever is later.  26 U.S.C. § 6511(a).  The second limitation concerns the period for which taxes are eligible for refund or credit, called the "look-back" period.  *Id.*  If the taxpayer submitted their refund claim within the prescribed filing period, Section 6511(b)(2)(A) states that, "the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to [three] years plus the period of any extension of time for filing the return."  26 U.S.C. § 6511(b)(2)(A).  Taxes which are withheld at the source of income are deemed to be paid on the 15th day of the fourth month following the close of the taxable year.  26 U.S.C. § 6513(b)(1).

The defendants have moved to dismiss Count I pursuant to Rule 12(b)(1), and we must therefore determine if the challenge is facial or factual.  In its motion, the defendants challenge the Kovariks' allegation that they filed their 2018 tax return on October 15, 2019.  (Doc. 14 at 1).  Since the defendants are challenging facts that purport to establish jurisdiction and have attached competing evidence in its motion, we will treat the motion as a factual challenge.  (Doc. 15-1 at 1-4).

9

When considering a factual challenge under Rule 12(b)(1), this court may weigh evidence outside the pleadings, and the plaintiffs have the burden of persuasion to show jurisdiction exists. *Gould*, 220 F.3d at 178. The taxes for which the Kovariks seek a refund were allegedly withheld from their income in 2018, meaning those taxes are deemed by statute to have been paid on April 15, 2019. 26 U.S.C. § 6513(b)(1). The Kovariks contend they jointly filed their 2018 tax return and refund request with the IRS on October 15, 2019. (Doc. 11 ¶ 13). But the defendants allege, and internal records demonstrate, that the IRS did not receive the plaintiffs' 2018 tax return until February 21, 2023. (Doc. 15-1 ¶ 6, at 4). In support of their contention, the Kovariks offer their own sworn statements and a sworn statement from the accountant who filed the return. (Doc. 16-1 ¶ 7). But neither the Kovariks nor their accountant possess the electronic postmark which would definitively prove the date of filing. (Doc. 15 at 1). Based on this evidence, and the plaintiffs' burden of proof under a Rule 12(b)(1) factual challenge, we conclude that the Kovariks' 2018 tax return was filed on February 21, 2023. The Kovariks' overpayment therefore falls outside the three year "look-back" period under Section 6511(b)(2), and so this court lacks

jurisdiction over this claim.  Accordingly, Count I of the complaint will be dismissed for lack of jurisdiction.  (Doc. 14).

Count II of the complaint does not allege independent grounds for liability.  Rather, the plaintiffs ask this court in "Count II" to apply the principle of equitable tolling to the time limitations established in Section 6511.  (Doc. 11 at 13).  We are unable to do so.  The Supreme Court has explicitly held that Congress did not intend the equitable tolling doctrine to apply to Section 6511's time limitations.  *U.S. v. Brockamp*, 519 U.S. 347, 352 (1997) ("Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote.").  After the decision in *Brockamp*, Congress amended Section 6511 to include one limited tolling provision for financial disability, demonstrating their intention to shield this statute from the application of broad tolling principles.  26 U.S.C. § 6511(h)(1); *Doe v. KPMG, LLP*, 398 F.3d 686, 689 (5th Cir. 2005) ("Because Congress prefers to provide explicit tolling exceptions to the limitations periods contained in tax law, by implication, it does not intend courts to invoke equitable tolling to alter the plain text of the statutes at issue.").

The plaintiffs rely upon *Culp v. Commissioner of Internal Revenue* to further their argument, but that reliance is misplaced. (Doc. 16 at 11). The court in *Culp* focused on nonjurisdictional limitations periods and held that such limitations are presumptively subject to equitable tolling. *Culp v. Commissioner of Internal Revenue*, 75 F.4th 196, 203 (3d Cir. 2023). But the time limitations at issue in this case are jurisdictional and therefore not subject to the holding in *Culp*. *Brockamp* clearly prohibits the application of equitable tolling of the time limitations of Section 6511. *Brockamp*, 519 U.S. at 352. For these reasons, we are unable to toll the limitations periods under Section 6511.

In Count III, the Kovariks argue that they are entitled to injunctive relief under the APA due to the IRS's alleged failure to properly process their refund claim. Under the APA, a person suffering a legal wrong or adversely affected by agency action for which there is no adequate remedy in court may file a claim in district court seeking relief other than money damages. 5 U.S.C. §§ 702, 704. APA review is limited to (1) final agency action (2) that is not committed to agency discretion by law (3) where Congress has not implicitly or explicitly precluded review. *Larson v. United States*, 888 F.3d 578, 587 (2d Cir. 2018). The APA "does not

provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988); *see also U.S. Army Corps of Engineers v. Hawkes Co.*, 578 U.S. 590, 591 (2016) ("[F]inal agency action is reviewable under the APA only if there are no adequate alternative to APA review in court.").

The Kovariks ask this court, in accordance with the APA, to "issue an order compelling the Commissioner of Internal Revenue to process plaintiffs' 2018 return or refund claim nunc pro tunc and make a determination on its merits." (Doc. 11 at 12). But the plaintiffs are not entitled to judicial review under the APA since Congress, in passing 26 U.S.C. § 7422, has provided explicit review procedures for agency decisions on refund or credit claims. 26 U.S.C. § 7422; *see also Larson*, 888 F.3d at 587. Therefore, we will dismiss Count III of the complaint.

We note there are two other claims that may be implied in the complaint. The complaint references the "IRS['s] violations of Plaintiffs['] due process rights[,]" and their violation of "[the] [p]laintiffs' rights under the Taxpayer Bill of Rights." (Doc. 11 ¶ 108, 112). While these

allegations are not included as counts in the complaint, we construe a *pro se* complaint liberally, and will consider these claims.

The Kovariks appear to assert that the IRS's denial of their refund constitutes a procedural due process violation under the Fifth Amendment.  In order to establish a prima facie case for a procedural due process claim, a plaintiff must show (1) they have been deprived of a liberty or property interest, and (2) the procedures used by the government to remedy this deprivation were constitutionally inadequate. *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (*quoting Robb v. City of Philadelphia*, 733 F.2d 286, 292 (3d Cir, 1984)). To be considered constitutionally adequate, the procedures used by the government must, at minimum, include notice and an opportunity to be heard prior to deprivation.  *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

The Kovariks meet the first element since they have a significant property interest in their tax refund.  *Cahoo v. SAS Analytics*, 912 F.3d 887, 904 (6th Cir. 2019).  As to the second element, the Kovariks were notified of the deprivation in the denial of their refund request, and they were afforded a constitutionally adequate opportunity to be heard in both

administrative review with the IRS Independent Office of Appeals and judicial review in the present case. *Cash v. Internal Revenue Service*, 2019 WL 1354043 *8 (M.D. Pa. 2019) ("[I]t is well-established that the tax refund claim administrative and judicial review process affords taxpayers all the process they are due under the Fifth Amendment."). Since the plaintiffs were afforded "all the process they are due," we conclude that they have failed to state a claim for violation of procedural due process under the Fifth Amendment.

As mentioned above, the Kovariks also allege that the IRS violated their rights under the Taxpayer Bill of Rights, including rights to quality service, information, and a fair system. (Doc. 11 ¶ 108). "The Taxpayer Bill of Rights is codified at 26 U.S.C. § 7433 and provides a cause of action against the United States for unauthorized collection activities." *United States v. Eskanos*, 2019 WL 13490619 *3 n.2 (S.D. Fla. 2019). In order to bring a claim under Section 7433, a plaintiff must show that an officer or employee of the IRS intentionally, recklessly, or negligently disregarded any provision of the IRC in connection with any collection of federal tax with respect to the taxpayer. 26 U.S.C. § 7433(a).

Section 7433 applies only to tax collection, and an action under the Section cannot be based on alleged wrongdoing in connection with the determination of tax. *Gonsalves v. I.R.S.*, 975 F.2d 13, 16 (1st Cir. 1992); *See also McMillen v. United States Department of Treasury*, 960 F.2d 187, 190 (1st Cir. 1991). Since the refund process is a part of tax liability determination and not tax collection, any action taken by the IRS in its determination of the Kovariks' tax liability and refund amount is not subject to Section 7433. *See Gonsalves*, 975 F.2d at 16; *see also Hadsell v. United States*, 587 F.Supp.3d 1002, 1007 (N.D. Cal. 2022); *Buaiz v. U.S.*, 471 F.Supp.2d 129, 135-37 (D.D.C. 2007). Therefore, we conclude that the Kovariks have failed to state a claim for a violation of their rights under the Taxpayer Bill of Rights.

## IV.  Conclusion

Having found that the Kovariks failed to meet the time limitations for filing a tax refund claim and are not entitled to APA review, we will grant the motion to dismiss (Doc. 14), and this case will be dismissed.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

16