IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAROMIR KOVARIK and<br>DARIA KOVARIKOVA,<br><br>    Plaintiffs,<br><br>       v.<br><br>UNITED STATES OF AMERICA,<br>et al.,<br><br>    Defendants. | : Civ. No. 1:24-CV-2022<br>:<br>:<br>:<br>:<br>: (Chief Magistrate Judge Bloom)<br>:<br>:<br>:<br>: |

MEMORANDUM OPINION

I. Introduction

This case comes before us on a motion to reconsider by the plaintiffs, Jaromir Kovarik and Daria Kovarikova ("the Kovariks").[1] The Kovariks have moved under Federal Rules of Civil Procedure 59(e) and 60(b) to "correct clear legal error and prevent manifest injustice."[2] They purport to have identified several errors entitling them to relief under either or both of these rules. We conclude the Kovariks have not identified grounds for relief under either rule, and so we will deny the motion.

---

[1] Doc. 21.

[2] *Id.* at 1.

## II. Background

The plaintiffs, a retired married couple, allege that in 2018, they retained an accountant, Roger N. Rosenberger, who obtained an extension to file their joint 2018 tax return on October 15, 2019.[3] The Kovariks claim they overpaid their 2018 taxes by $7,069 and requested the excess be credited to their 2019 federal tax liability.[4] The Kovariks have been unable to produce a copy of the electronic postmark of their filing, which would establish receipt of their 2018 return by the IRS.[5] Internal IRS records show the Kovariks' 2018 tax return was filed on February 21, 2023.[6]

The Kovariks allege that in 2020, they began regularly calling the IRS to inquire about their 2018 tax return and refund.[7] The plaintiffs claim the IRS was largely unresponsive to their calls and gave inconsistent information about their tax return.[8] This periodic communication with the IRS continued until February 2023 when the

---

[3] Doc. 11 ¶¶ 8, 13.

[4] *Id.* ¶ 16, 17.

[5] *See id.* ¶ 29.

[6] Docs. 15 ¶ 4, 15-1 at 3.

[7] Doc. 11 ¶ 30.

[8] *Id.* ¶¶ 30-33.

Kovariks allege to have refiled their 2018 tax return using copies of the relevant documents.[9] In October of 2023, the IRS sent a letter to the plaintiffs denying their 2018 tax overpayment claim.[10] The Kovariks appealed that denial to the IRS Independent Office of Appeals, which affirmed the denial of their refund in December of 2023.[11]

After the IRS denied the plaintiffs' refund request and appeal, the Kovariks commenced this action by complaint.[12] The IRS moved to dismiss the complaint for failure to state a claim.[13] We granted that motion.[14] The plaintiffs now move under Rules 59(e) and 60(b) to reconsider the judgment and re-open the case.[15] The motion is now fully briefed and ripe for resolution.[16] After careful consideration, we will deny the motion.

---

[9] *Id.* ¶ 52.

[10] *Id.* ¶ 59.

[11] *Id.* at 7-8.

[12] Doc. 11.

[13] Doc. 14.

[14] Doc. 20.

[15] Doc. 21.

[16] Docs. 21, 22.

## III. Discussion

### A. Motion to Reconsider Under Rule 59(e) – Standard of Review

The plaintiffs have moved for this court to reconsider our judgement pursuant to Federal Rule of Civil Procedure 59(e), which permits a court to "alter or amend a judgment [.]"[17] A motion to alter or amend the judgment under Rule 59(e) is "a 'device to relitigate the original issue' decided by the district court, and used to allege legal error."[18] Thus, the court may alter a judgment if the moving party shows at least one of three things: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [ ]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[19] While the Third Circuit Court of Appeals has "never adopted strict or precise definitions for 'clear error of law or fact' and 'manifest injustice'" in this context, it has "suggested that there is substantial, if not complete, overlap between these two concepts" and that to succeed on such a showing requires a movant to

---

[17] Fed. R. Civ. P. 59(e).

[18] *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (*quoting Smith v. Evans*, 853 F.2d 155, 158-59 (3d Cir. 1988)).

[19] *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

identify "a 'direct, obvious, [or] observable error' . . . of at least some importance to the larger proceedings."[20]

A 59(e) motion "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."[21] Similarly, "reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."[22]

### B. Motion to Reconsider Under Rule 60(b)(1) – Standard of Review

The plaintiffs have moved for reconsideration of the judgment against them pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure.[23] As the Supreme Court has explained, rule "60(b) permits 'a party to seek relief from a final judgment, and request reopening of his

---

[20] *In re Energy Future Holdings Corp.* 904 F. 3d 298, 311-12 (3d Cir. 2018) (citation modified).

[21] *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002).

[22] *Hill v. Tammac Corp.*, Civ. No., 2006 WL 529044, *2 (M.D. Pa. Mar. 3, 2006) (*citing McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

[23] The Kovariks do not identify which portion of Rule 60(b) they believe entitles them to relief. We construe their motion as alleging "mistake," in that the Kovariks have moved to "correct legal error [.]" Mistake can lead to relief from judgement under Rule 60(b)(1), and so we analyze the instant motion as if made under that subsection.

case, under a limited set of circumstances.'"[24] Those circumstances are described in Rule 60(b)'s enumerated sub parts, and "[u]nder Rule 60(b)(1), a party may seek relief based on 'mistake, inadvertence, surprise, or excusable neglect.'"[25] Legal error by a judge qualifies as such a mistake.[26]

### C. The Motion to Reconsider Will Be Denied.

The Kovariks raise several grounds for reconsideration. We find that none demonstrates reconsideration under Rules 59(e) or 60(b)(1) is appropriate here, and so we will deny the motion.

We consider Rule 59(e) first. As discussed above, there are three grounds for a motion under this rule. The Kovariks have not alleged new law or previously unavailable facts have emerged, leaving only the third option, "the need to correct a clear error of law or fact or to prevent manifest injustice."[27] Below, we consider each of the Kovariks' arguments and find none identifies clear error or manifest injustice.

---

[24] *Kemp v. United States*, 596 U.S. 528, 533 (2022) (*quoting Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)).

[25] *Id.*

[26] *Id.* at 535.

[27] *Max's Seafood Café*, 176 F.3d at 677.

The Kovariks first argue that this court erred in relying on information submitted by the IRS to conclude that there was no record of their tax return being filed before 2023. The Kovariks argue that they submitted a sworn declaration from their former accountant stating that their return *was* submitted before 2023, creating a genuine dispute of material fact, which should have led this court to conclude the dispute required discovery to be properly resolved. The Kovariks analogize by citation to judicial treatment of essentially the same issue, but under the Sherman Act. The Kovariks cite *Mortensen v. First Fed. Sav. & Loan Ass'n* for the proposition that where a plaintiff must make certain factual showings to survive a 12(b)(1) motion, but those facts are the sort usually required to survive a 12(b)(6) motion, the standard of proof for the 12(b)(1) motion should be relaxed.[28] In *Mortensen*, the Third Circuit addressed this issue in the context of the Sherman Act, and explained that the situation presented:

> [A] combination of the timing of the factual jurisdictional attack, the plaintiff's having the burden of proof, and the court's having a free hand in evaluating jurisdictional evidence that can unfairly preclude Sherman Act plaintiffs from reaching the merits of their cases. And it is because the nexus [plaintiffs] will have to establish to succeed on the

---

[28] *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 892 (3d Cir. 1977).

7

merits is at least in part the same nexus they must allege or even prove to withstand jurisdictional attacks, that we feel it is incumbent upon the trial judge to demand less in the way of jurisdictional proof than would be appropriate at a trial stage.[29]

The Kovariks implicitly argue that the same considerations apply here, when litigating a case under Section 6511, and that this court should therefore have applied *Mortensen*'s reasoning to the instant case.[30] Applying that logic would, the Kovariks argue, have caused us to conclude that their burden of proving subject matter jurisdiction essentially asked them to meet the standard of a 12(b)(6) motion, and therefore, we should "demand less in the way of jurisdictional proof."[31]

This argument has some appeal—but we cannot credit it here. First, we note that while the Kovariks cited *Mortensen* in their brief in opposition to the motion to dismiss, this specific argument was not articulated therein,[32] and making new arguments on a Rule 59(e) motion

---

[29] *Id.*

[30] The motion does not articulate this theory explicitly, but we read a pro se document liberally. *See e.g., U.S. v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (discussing "the time honored practice of construing pro se plaintiffs' pleadings liberally.").

[31] *Mortensen,* 549 F.2d at 892.

[32] *See* doc. 16 at 12-13.

8

is prohibited.³³ More importantly, the Kovariks have not shown here that our analysis was a "direct, certain, [or] obvious error" as is required for reconsideration.³⁴ *Mortensen*'s relevant holding is cabined to the Sherman Act.³⁵ It is therefore not binding in this matter, and it is not direct, certain, nor obvious error to decline to apply logic from non-binding precedent. The Kovariks' other citations in support of this argument are also unavailing.³⁶

The Kovariks next argue that this court erred by considering evidence submitted by the IRS that was part of the Kovariks discovery disclosure without also considering the *rest* of the Kovariks' discovery materials because it was, essentially, unfair to do so. The Kovariks

---

³³ *Hill*, 2006 WL 529044, *2.

³⁴ *In re Energy Future Holdings Corp.* 904 at 312.

³⁵ *Mortensen,* 549 F.2d at 894 ("We hold that the trial court erred in its premature dismissal of plaintiff's claim, particularly because the nexus of interstate commerce necessary to sustain jurisdiction is inextricably related to the interstate effects plaintiffs will have to establish to succeed on the merits of this tying claim brought not under the Clayton Act § 3, 15 U.S.C. § 14, but under Sherman §§ 1 and 2.")

³⁶ Plaintiffs analogize to treatment of the Labor Management Reporting and Disclosure Act, but the cited case does not support their desired result. *See Berardi v. Swanson Memorial Lodge No. 48 of the Fraternal Order of Police*, 920 F.2d 198, 200-01 (3d Cir. 1990) ("[A]lthough dictum in *Mortensen* seems to support [Plaintiff's] argument, we are convinced that argument is wrong."). Even if *Berardi* was not inapposite, it would not show clear legal error for the same reasons discussed above for *Mortensen*. Plaintiffs' third citation is to a case which is not binding upon us, nor does it not relate to jurisdiction or standards of proof under Rule 12 motions. *See Sorrentino v. I.R.S.*, 838 F.3d 1187, 1191 (10th Cir. 2004).

present no law in support of this argument. We note that the burden was on the Kovariks to establish jurisdiction and that they had the right and opportunity to present the evidence whose absence they lament.[37] They did not. Further, this court "was permitted to make factual findings, beyond the pleadings, that were decisive to determining jurisdiction . . . [and to] dismiss for lack of subject matter jurisdiction at any time, regardless whether the moving party has filed an answer or the opposing party had an opportunity to conduct discovery."[38] We conclude the Kovariks have not shown they are entitled to reconsideration on these grounds.

Third, the Kovariks argue that they were entitled to have this court apply "equitable estoppel" to hold the IRS to representations they allegedly made to the Kovariks before litigation. This argument is novel to the motion to reconsider, and so it is enough for us to say that

---

[37] *See e.g., id.* at 891 (plaintiff bears the burden of proving jurisdiction exists, and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.") (*citing to Gibbs v. Buck*, 307 U.S. 66, 71-72 (1939) (explaining that because "there is no statutory direction for procedure upon an issue of jurisdiction, the mode of determination is left to the trial court" and there was no error where both parties rested on their submissions and the court made the determination from those submissions)). The same is true here: there is no error in our considering the evidence presented and making our decision on the basis thereof.

[38] *CNA v. United States*, 535 F.3d 132, 145–46 (3d Cir. 2008).

10

"reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment."[39]  To the extent the Kovariks believe this, or any other argument in their motion to reconsider, deserves *de novo* consideration, we note that our original dismissal was without prejudice.

The Kovariks also restate their contention that Section 6511(b)(2) is not a jurisdictional rule and should not have been used to find jurisdiction was lacking here.  This is an argument that we rejected in our initial ruling, and a "motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."[40]  Further, the Kovariks are again asking this court to take reasoning developed for a different statute and apply it here.  As discussed, declining to apply such a holding is not legal error, and so this argument does not compel reconsideration.

The Kovariks then argue that they believe they are entitled to relief under the Administrative Procedures Act ("APA").  This, too, is an

---

[39] *Hill*, 2006 WL 529044, *2.

[40] *Ogden*, 226 F. Supp. 2d at 606.

argument we have already rejected. The Kovariks do not identify a clear legal error that we made in that rejection, and so the argument is unavailing. Similarly, the Kovariks assert that "supplemental authority reinforces reconsideration," but the supplemental authority presented, an amicus brief from 2024, is not new law (an amicus brief is not law or authority at all, but argument,) nor does it show a clear legal error or manifest injustice.

Finally, because the Kovariks have also moved under Rule 60(b)(1) for relief from this judgment, we consider if there has been a showing of "mistake, inadvertence, surprise, or excusable neglect."[41] This is a heavy burden to carry.[42] As discussed, "mistake" includes a judge's error of law.[43] We conclude the analysis above suffices to show no error of law was made here, and the Kovariks have not argued any of the other grounds under Rule 60(b) apply, nor do we see any reason to believe such grounds exist. For all these reasons, we will deny the motion for reconsideration.

---

[41] Fed. R. Civ. P. Rule 60(b)(1).

[42] *Plisco v. Union R.R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967).

[43] *Kemp,* 596 U.S. at 534.

## IV. Conclusion

Having found that the Kovariks failed to identify grounds for reconsideration under either Rule 59(e) or 60(b), we will deny the motion and decline to reopen the case.

An appropriate order follows.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge

Dated: August 29, 2025